UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Mikhail Kopelevich,<br><br>      Plaintiff,<br><br>  v.<br><br>Desilva Automotive Services, LLC d/b/a Allied Vehicle Protection, Vajira Samararatne, Palmer Administrative Services, Inc., Michael Shaftel, Atlantic Specialty Insurance Company, OneBeacon Insurance Group, Ltd., PayLink Payment Plans, LLC d/b/a PayLink Direct, John/Jane Does 1-5,<br><br>      Defendants. | Civil No.: 1:20-cv-01987-LDH-PK<br><br><br>**DEFENDANT ATLANTIC SPECIALTY INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND** |

  Defendant Atlantic Specialty Insurance Company (hereinafter "Atlantic Specialty"), a New York domiciled insurance company with its principal executive office in Plymouth, Minnesota, by and through its attorneys, now answers Mikhail Kopelevich's ("Plaintiff") Complaint as follows:

  Except as expressly admitted or qualified below, Atlantic Specialty denies each and every allegation of the Complaint.

## AS TO PARTIES

  1. Atlantic Specialty lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 and therefore denies them.

  2. Because the allegations in paragraph 2 concern another defendant, Atlantic Specialty lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

3. Because the allegations in paragraph 3 concern another defendant, Atlantic Specialty lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

4. Because the allegations in paragraph 4 concern another defendant, Atlantic Specialty lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

5. Because the allegations in paragraph 5 concern another defendant, Atlantic Specialty lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

6. Because the allegations in paragraph 6 concern another defendant, Atlantic Specialty lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

7. Because the allegations in paragraph 7 concern another defendant, Atlantic Specialty lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

8. Because the allegations in paragraph 8 concern another defendant, Atlantic Specialty lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

9. Because the allegations in paragraph 9 concern another defendant, Atlantic Specialty lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

10. With respect to the allegations in paragraph 10, Atlantic Specialty admits it is a New York domiciled insurance company with its principal executive office located at 605

Highway 169 North, Suite 800, Plymouth, Minnesota 55441. Atlantic Specialty denies the remaining allegations in paragraph 10.

11. With respect to the allegations in paragraph 11, Atlantic Specialty admits the allegations.

12. Because the allegations in paragraph 12 concern another defendant, Atlantic Specialty lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

13. Because the allegations in paragraph 13 concern another defendant, Atlantic Specialty lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

14. Because the allegations in paragraph 14 concern other defendants, Atlantic Specialty lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

## AS TO JURISDICTION AND VENUE

15. Atlantic Specialty admits that jurisdiction in this Court is proper, except that Atlantic Specialty denies that Plaintiff has Article III standing under the United States Constitution. Atlantic Specialty states that the document referenced in paragraph 15 of the Complaint speaks for itself, and therefore, no response is required. To the extent that the document is intended to stand for additional or inconsistent propositions, Atlantic Specialty denies the allegations.

16. Atlantic Specialty does not dispute that personal jurisdiction in this Court is proper. Atlantic Specialty admits only that it does business in New York. To the extent that the allegations in paragraph 16 concern another defendant, Atlantic Specialty lacks knowledge or information

sufficient to form a belief as to the truth of the allegations and therefore denies them. Atlantic Specialty denies the remaining allegations in paragraph 16.

17. Atlantic Specialty does not dispute that venue in this Court is proper. Atlantic Specialty admits only that it does business in New York. Atlantic Specialty lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 as to where Plaintiff resides and therefore denies them. To the extent that the allegations in paragraph 17 concern another defendant, Atlantic Specialty lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them. Atlantic Specialty denies the remaining allegations in paragraph 17.

## AS TO THE TELEPHONE CONSUMER PROTECTION ACT OF 1991, 47 U.S.C. § 227

18. The allegations in paragraph 18 assert a legal conclusion to which no response is necessary. To the extent a response is required, Atlantic Specialty states that the TCPA speaks for itself. To the extent that the allegations purport to allege additional or inconsistent allegations, Atlantic Specialty denies the allegations. Atlantic Specialty denies it violated the TCPA and denies it committed any wrongdoing.

19. The allegations in paragraph 19 assert a legal conclusion to which no response is necessary. To the extent a response is required, Atlantic Specialty states that the TCPA speaks for itself. To the extent that the allegations purport to allege additional or inconsistent allegations, Atlantic Specialty denies the allegations. Atlantic Specialty denies it violated the TCPA and denies it committed any wrongdoing.

20. The allegations in paragraph 20 assert a legal conclusion to which no response is necessary. To the extent a response is required, Atlantic Specialty states that the TCPA speaks for itself. To the extent that the allegations purport to allege additional or inconsistent allegations,

Atlantic Specialty denies the allegations. Atlantic Specialty denies it violated the TCPA and denies it committed any wrongdoing.

21. The allegations in paragraph 21 assert a legal conclusion to which no response is necessary. To the extent a response is required, Atlantic Specialty states that the TCPA speaks for itself. To the extent that the allegations purport to allege additional or inconsistent allegations, Atlantic Specialty denies the allegations. Atlantic Specialty denies it violated the TCPA and denies it committed any wrongdoing.

22. The allegations in paragraph 22, including footnote 1, assert a legal conclusion to which no response is necessary. To the extent a response is required, Atlantic Specialty states the TCPA and the documents referenced in paragraph 22, including footnote 1, speak for themselves. To the extent that they are intended to purport to allege additional or inconsistent allegations, Atlantic Specialty denies the allegations. Atlantic Specialty denies it violated the TCPA and denies it committed any wrongdoing.

23. The allegations in paragraph 23 assert a legal conclusion to which no response is necessary. To the extent a response is required, Atlantic Specialty states that the TCPA speaks for itself. To the extent that the allegations purport to allege additional or inconsistent allegations, Atlantic Specialty denies the allegations. Atlantic Specialty denies it violated the TCPA and denies it committed any wrongdoing.

24. Because Atlantic Specialty does not understand what "findings" Plaintiff refers to in paragraph 24, Atlantic Specialty lacks information or knowledge sufficient to form a belief as to the truth of the allegations and therefore denies them. Atlantic Specialty denies it violated the TCPA and denies it committed any wrongdoing.

25. The allegations in paragraph 25 assert a legal conclusion to which no response is necessary. To the extent a response is required, Atlantic Specialty states that the document referenced in paragraph 25 speaks for itself. To the extent that it is intended to purport to allege additional or inconsistent allegations, Atlantic Specialty denies the allegations. Atlantic Specialty denies it violated the TCPA and denies it committed any wrongdoing.

26. The allegations in paragraph 26 assert a legal conclusion to which no response is necessary. To the extent a response is required, Atlantic Specialty states that the document referenced in paragraph 26 speaks for itself. To the extent that it is intended to purport to allege additional or inconsistent allegations, Atlantic Specialty denies the allegations. Atlantic Specialty denies it violated the TCPA and denies it committed any wrongdoing.

27. The allegations in paragraph 27 assert a legal conclusion to which no response is necessary. To the extent a response is required, Atlantic Specialty states that the document referenced in paragraph 27 speaks for itself. To the extent that it is intended to purport to allege additional or inconsistent allegations, Atlantic Specialty denies the allegations. Atlantic Specialty denies it violated the TCPA and denies it committed any wrongdoing.

28. The allegations in paragraph 28 assert a legal conclusion to which no response is necessary. To the extent a response is required, Atlantic Specialty states that the document referenced in paragraph 28 speaks for itself. To the extent that it is intended to purport to allege additional or inconsistent allegations, Atlantic Specialty denies the allegations. Atlantic Specialty denies it violated the TCPA and denies it committed any wrongdoing.

29. The allegations in paragraph 29 assert a legal conclusion to which no response is necessary. To the extent a response is required, Atlantic Specialty states that the document referenced in paragraph 29 speaks for itself. To the extent that it is intended to purport to allege

additional or inconsistent allegations, Atlantic Specialty denies the allegations. Atlantic Specialty denies it violated the TCPA and denies it committed any wrongdoing.

30. The allegations in paragraph 30 assert a legal conclusion to which no response is necessary. To the extent a response is required, Atlantic Specialty states that the documents referenced in paragraph 30 speak for themselves. To the extent that they are intended to purport to allege additional or inconsistent allegations, Atlantic Specialty denies the allegations. Atlantic Specialty denies it violated the TCPA and denies it committed any wrongdoing.

## AS TO FACTUAL ALLEGATIONS

31. Atlantic Specialty admits only that Plaintiff alleges claims related to purported unsolicited telemarketing calls. To the extent that the allegations in paragraph 31 concern another defendant, Atlantic Specialty lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them. Atlantic Specialty denies the remaining allegations in paragraph 31.

## AS TO CALLS TO PLAINTIFF

32. With respect to the allegations in paragraph 32, Atlantic Specialty lacks knowledge or information sufficient to form a belief as to what information appeared on Plaintiff's caller identification or what Plaintiff experienced upon answering a call and therefore denies the allegations. To the extent that the allegations in paragraph 32 concern another defendant, Atlantic Specialty lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them. Atlantic Specialty denies the remaining allegations in paragraph 32.

33. With respect to the allegations in paragraph 33, Atlantic Specialty lacks knowledge or information sufficient to form a belief as to what information appeared on Plaintiff's caller

identification or what Plaintiff experienced upon answering a call and therefore denies the allegations. To the extent that the allegations in paragraph 33 concern another defendant, Atlantic Specialty lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

34. Atlantic Specialty denies the allegations in paragraph 34. To the extent that the allegations in paragraph 34 concern another defendant, Atlantic Specialty lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

35. Atlantic Specialty lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 and therefore denies them. To the extent that the allegations in paragraph 35 concern another defendant, Atlantic Specialty lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

36. Atlantic Specialty lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 and therefore denies them. To the extent that the allegations in paragraph 36 concern another defendant, Atlantic Specialty lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

37. Because it is unclear what Plaintiff means by the phrase "emergency purpose," Atlantic Specialty lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 and therefore denies them. To the extent that the allegations in paragraph 37 concern another defendant, Atlantic Specialty lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them. Atlantic Specialty denies the remaining allegations in paragraph 37.

38. Atlantic Specialty denies the allegations in paragraph 38. To the extent that the allegations in paragraph 38 concern another defendant, Atlantic Specialty lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

39. Atlantic Specialty lacks knowledge or information sufficient to form a belief as to whether the telephone number alleged corresponds to a cellular telephone number owned or regularly used by Plaintiff or on the state and federal "Do Not Call" Registries and therefore denies the allegations. To the extent that the allegations in paragraph 39 concern another defendant, Atlantic Specialty lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them. Atlantic Specialty denies the remaining allegations in paragraph 39.

40. Atlantic Specialty denies the allegations in paragraph 40. To the extent that the allegations in paragraph 40 concern another defendant, Atlantic Specialty lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

41. Because it is unclear what Plaintiff means by the phrase "emergency," Atlantic Specialty lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 and therefore denies them. To the extent that the allegations in paragraph 41 concern another defendant, Atlantic Specialty lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

42. Atlantic Specialty lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42 and therefore denies them. To the extent that the allegations in paragraph 42 concern another defendant, Atlantic Specialty lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

43. Atlantic Specialty denies the allegations in paragraph 43. To the extent that the allegations in paragraph 43 concern another defendant, Atlantic Specialty lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

44. Atlantic Specialty denies the allegations in paragraph 44. To the extent that the allegations in paragraph 44 concern another defendant, Atlantic Specialty lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

45. Atlantic Specialty denies the allegations in paragraph 45. To the extent that the allegations in paragraph 45 concern another defendant, Atlantic Specialty lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

46. Atlantic Specialty denies the allegations in paragraph 46, including subparts (1) through (8). To the extent that the allegations in paragraph 46, including subparts (1) through (8), concern another defendant, Atlantic Specialty lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

**AS TO DEFENDANTS DESILVA AUTOMOTIVE SERVICE, LLC D/B/A ALLIED VEHICLE PROTECTION AND VAJIRA SAMARARATNE KNOWINGLY AND WILLFULLY VIOLATED TELEMARKETING REGULATIONS**

47. Because the allegations in paragraph 47 concern other defendants, Atlantic Specialty lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

48. Because the allegations in paragraph 48 concern other defendants, Atlantic Specialty lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

49. Because the allegations in paragraph 49 concern other defendants, Atlantic Specialty lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

50. Because the allegations in paragraph 50 concern other defendants, Atlantic Specialty lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

### AS TO PLAINTIFF'S CELL PHONE IS A RESIDENTIAL NUMBER

51. Atlantic Specialty lacks knowledge or information sufficient to form a belief as to whether the telephone number alleged corresponds to a cellular telephone number owned or regularly used by Plaintiff, including as a residential telephone number, and therefore denies the allegations. To the extent that the allegations in paragraph 51 concern another defendant, Atlantic Specialty lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them. Atlantic Specialty denies the remaining allegations in paragraph 51.

### AS TO FIRST CLAIM FOR RELIEF
### (NON-EMERGENCY ROBOCALLS TO CELLULAR TELEPHONES, 47 U.S.C. § 227(b)(1)(A))
### (AGAINST ALL DEFENDANTS)

52. Atlantic Specialty incorporates by reference each and every response set forth in the preceding paragraphs.

53. Atlantic Specialty denies the allegations in paragraph 53. To the extent the allegations in paragraph 53 concern another defendant, Atlantic Specialty lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

54. Atlantic Specialty denies the allegations in paragraph 54. Atlantic Specialty further denies that Plaintiff is entitled to the relief requested in paragraph 54 from this Defendant. To the

extent the allegations in paragraph 54 concern another defendant, Atlantic Specialty lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

55. Atlantic Specialty denies the allegations in paragraph 55. Atlantic Specialty further denies that Plaintiff is entitled to the relief requested in paragraph 55 from this Defendant. To the extent the allegations in paragraph 55 concern another defendant, Atlantic Specialty lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

56. Atlantic Specialty denies that Plaintiff is entitled to the relief requested in paragraph 56 from this Defendant.

57. Atlantic Specialty incorporates by reference each and every response set forth in the preceding paragraphs.

58. Atlantic Specialty denies the allegations in paragraph 58, including subparts (a) through (c). Atlantic Specialty further states that the documents cited in paragraph 58, including subparts (a) through (c) and footnotes 2 through 4, speak for themselves. To the extent they are intended to purport to allege additional or inconsistent allegations, Atlantic Specialty denies the allegations. Atlantic Specialty denies it violated the law and denies it committed any wrongdoing. To the extent the allegations in paragraph 58, including subparts (a) through (c), and footnotes 2 through 4, concern another defendant, Atlantic Specialty lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

59. Atlantic Specialty denies the allegations in paragraph 59. Atlantic Specialty further denies that Plaintiff is entitled to the relief requested in paragraph 59 from this Defendant. To the extent the allegations in paragraph 59 concern another defendant, Atlantic Specialty lacks

knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

60. Atlantic Specialty denies the allegations in paragraph 60. Atlantic Specialty further denies that Plaintiff is entitled to the relief requested in paragraph 60 from this Defendant. To the extent the allegations in paragraph 60 concern another defendant, Atlantic Specialty lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

61. Atlantic Specialty denies that Plaintiff is entitled to the relief requested in paragraph 61 from this Defendant.

## PRAYER FOR RELIEF

Atlantic Specialty denies that Plaintiff is entitled to any of the relief sought in the WHEREFORE paragraph immediately following paragraph 61, including subparts (A) through (G).

## AS TO JURY DEMAND

Atlantic Specialty admits only that Plaintiff has requested a jury trial.

## AFFIRMATIVE DEFENSES

1. Plaintiff has failed, in whole or in part, to state a claim upon which relief may be granted.

2. Plaintiff failed to mitigate his damages, if any.

3. Plaintiff's damages, if any, were caused by the actions and/or inaction of third parties and/or intervening causes over which Atlantic Specialty has no control.

4. The TCPA does not prohibit calls to cellular telephones made using an automatic telephone dialing system when the called party has given his or her prior express consent. To the

extent that Plaintiff provided prior express consent to receive some or all of the calls at issue, the claims are barred.

5. The TCPA provides for statutory damages of $500 to $1,500 for each violation of the law. When directed at calls, statutory damages under the TCPA can quickly rise to millions of dollars for alleged actions that cause little or no actual damage to Plaintiff or other called individuals and such a calculation would be excessive, improper, and unreasonable. Statutory damages would constitute an excessive fine or penalty without the substantive or procedural safeguards guaranteed by the Fifth and Fourteenth Amendments to the U.S. Constitution.

6. To establish standing under Article III of the U.S. Constitution, Plaintiff must show a concrete and particularized invasion of a legally protected interest. To the extent that Plaintiff has not paid money, lost title to goods of value, or suffered any other concrete or particularized harm as a result of the conduct alleged, and/or that Plaintiff is a "professional plaintiff" who seeks out alleged TCPA violations for his personal profit, Plaintiff lacks standing to bring this suit under Article III of the U.S. Constitution.

7. To the extent Plaintiff has sustained damage, which Atlantic Specialty denies, any damage sustained was proximately caused by the acts or omissions of other persons, firms, or corporations over which Atlantic Specialty has no control.

8. Atlantic Specialty expressly reserves the right to assert other affirmative defenses as may be appropriate as this action proceeds.

**WHEREFORE**, Atlantic Specialty respectfully requests that the Court:

a. Dismiss all of Plaintiff's claims against Atlantic Specialty with prejudice and on the merits;

b. Award Atlantic Specialty all costs, disbursements, and reasonable attorney fees allowed by law; and

c. Grant Atlantic Specialty any such further relief to which it may be entitled.

Dated: July 6, 2020
      New York, New York

**FAEGRE DRINKER BIDDLE & REATH LLP**

By: /s/ *Clay J. Pierce*
    Clay J. Pierce

1177 Avenue of the Americas,
41st Floor
New York, New York 10036
(212) 248-3140
*clay.pierce@faegredrinker.com*

*Attorneys for Defendant Atlantic Specialty Insurance Company*

15

## CERTIFICATE OF SERVICE

I hereby certify that on the July 6, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification to all counsel of record.

                                                     /s/ *Clay J. Pierce*
                                                     Clay J. Pierce

US.128509911.04